**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4095

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PRESTON T. JENKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:03-cr-00485-JCC)

Submitted:  September 29, 2006      Decided:  December 1, 2006

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie S. McAdoo-Brobson, LESLIE MCADOO, CHARTERED, Washington, D.C., for Appellant. Chuck Rosenberg, United States Attorney, Raymond E. Patricco, Jr., Assistant United States Attorney, David B. Joyce, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Preston T. Jenkins was found guilty after a jury trial of conspiracy to commit prostitution, two counts of interstate transportation in furtherance of prostitution, and three counts of inducing travel for prostitution. He was sentenced to seventy months' imprisonment. On his original appeal, Jenkins challenged the denial of his motion to suppress; contested his sentence under United States v. Booker, 543 U.S. 220 (2005); and asserted that his sentencing enhancements were improper. We upheld Jenkins' convictions, vacated his sentence, and remanded for resentencing under Booker. We declined to reach the merits of Jenkins' challenges to his enhancements. On remand, the district court adopted its prior sentencing reasoning and denied Jenkins' challenges to his sentencing enhancements. The court then reimposed a seventy-month sentence and noted that, even in the absence of the obstruction of justice enhancement,[*] the court would still have sentenced Jenkins to seventy months.

On appeal, Jenkins' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising numerous issues. In addition, Jenkins has filed a pro se supplemental brief. After an independent review of the record, we affirm Jenkins' sentence.

---

[*]This enhancement was based on an instant message Jenkins sent to a business associate and Government witness after the conclusion of the trial.

- 2 -

## I.

While recognizing that, under the advisory guidelines system, a district court determines an applicable guideline range based on a preponderance of the evidence standard, Jenkins nonetheless asserts that obstruction of justice is an exception and such an enhancement should only be based on a jury finding or admission. However, we have determined that <u>Booker</u> did "not in the end move any decision from judge to jury, or change the burden of persuasion." <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005), <u>cert. denied</u>, 127 S. Ct. 121 (2006). Thus, a defendant's sentence is determined the same way after <u>Booker</u> that it was before; the only change is the degree of flexibility judges enjoy in applying the system. <u>Id.</u> Accordingly, the district court did not err in calculating Jenkins' guideline range based on its factual conclusion that he had obstructed justice.

## II.

Next, Jenkins asserts that the district court erred in stating that, even in the absence of an obstruction of justice enhancement, his sentence would have been the same. Jenkins contends that the district court was required to consider the enhancement, and thus, were it removed, his sentence should have been reduced. However, the district court spoke in a hypothetical manner. The court determined that Jenkins had obstructed justice and calculated his guideline range based on that finding. Thus,

anything the court may have done in the absence of such a finding is irrelevant.

## III.

Jenkins asserts that the district court erred in determining that there were at least five victim prostitutes for grouping purposes under U.S. Sentencing Guidelines Manual §§ 2G1.1, 3D1.4 (2003). The defendant concedes that there were three victim prostitutes who were transported across a state boundary. He further concedes that there were four additional women who participated in prostitution. However, he asserts that there was insufficient evidence to show that the additional women crossed state lines in order to participate in prostitution.

The commentary to USSG § 2G1.1 defines "victim" as a person who is "transported, persuaded, induced, enticed, or coerced to engage in, or travel to engage in, a commercial sex act or prohibited sexual conduct." USSG § 2G1.1, comment. (n.5). Section 2G1.1(d)(1) instructs that "[i]f the offense involves more than one victim, Chapter Three, Part D (Multiple Counts) shall be applied as if the promoting of a commercial sex act or prohibited sexual conduct in respect to each victim had been contained in a separate count of conviction." Section 3D1.4 provides for an increase in offense levels based on the grouping of offenses. Here, the district court determined that there were seven separate victims,

counted each as a separate count of conviction, and assessed the defendant with an additional five levels under § 3D1.4.

Contrary to Jenkins' contentions, there is no requirement that a prostitute be transported or travel across state lines to be considered a victim under § 2G1.1. Interstate travel is not mentioned in the relevant guidelines or commentary. Further, a victim would satisfy the commentary requirements if she were merely induced or enticed to commit a commercial sex act. Because Jenkins does not dispute that the four additional women were prostitutes working for him, the district court properly counted them as victims.

IV.

Jenkins' offense level was increased by four levels for his leading role in the commission of the offense. Under USSG § 3B1.1(a), two requirements must be met for a four-level increase based on a defendant's leading role in the commission of the offense to apply. First, the sentencing court must conclude that the defendant acted as "an organizer or leader of a criminal activity," and second, the court must find that the criminal activity "involved five or more participants or was otherwise extensive." Jenkins asserts that the district court erred in considering the prostitutes as victims for the grouping purposes described above and also as part of the organization for the purpose of determining that it was "otherwise extensive."

For purposes of § 3B1.1, a victim can only be considered a participant if the victim assisted in the promoting of a commercial sex act with respect to another victim. USSG § 2G1.1, comment. (n.3). However, in assessing whether an organization is "otherwise extensive," all persons involved during the course of the entire offense are to be considered, even if those persons are not "participants" under the guidelines. USSG § 3B1.2, comment. (n.3). Because the number of prostitutes involved could properly be considered when considering whether the activity was extensive, the district court did not err.

V.

Next, Jenkins argues that his sentence was unreasonable because the district court failed to depart from the guideline range based on the fact that his criminal history category overstated the seriousness of his criminal record. A sentence within a properly calculated guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed (July 21, 2006) (No. 06-5439). However, "a district court need not explicitly discuss every § 3553(a) factor on the record." United States v. Eura, 440

F.3d 625, 632 (4th Cir.), <u>petition for cert. filed</u> (June 20, 2006) (No. 05-11659).

Here, the district court issued a comprehensive sentencing order after Jenkins' first sentencing which was adopted at the second sentencing. This order discussed the merits of each of the issues raised at the second sentencing as bases for a variance from the guideline range. While the order was addressing these bases in the context of the calculation of the guideline range, the district court's rejection of the merits of each basis would also support the district court's decision not to impose a variance sentence. <u>See</u> <u>United States v. Castro-Juarez</u>, 425 F.3d 430, 434-35 (7th Cir. 2005) (recognizing that pre-<u>Booker</u> decisions analyzing upward or downward departures under USSG § 4A1.3 are useful in determining whether increasing or decreasing the sentence for similar reasons was reasonable).

We find that the district court was within its discretion to conclude that Jenkins' criminal history, which included a violent offense and repeated probation violations, weighed against a sentence below the guideline range. Thus, the court's decision to sentence Jenkins to the low end of the guideline range was reasonable.

## VI.

Finally, Jenkins argues that his crime was essentially a local crime that generally would have been handled in state court.

He asserts that his prostitutes crossed state lines (thus, conferring federal jurisdiction) only because Jenkins worked in the D.C. area, where D.C., Maryland, and Virginia converge. He contends that, had he been sentenced in state court, he would have received a significantly lower sentence. Thus, he argues that his sentence was unreasonable.

First, Jenkins provides no statistics or proof showing that his sentence would have been shorter in state court. Second, the district court considered this argument in its written order and found that the crossing of state lines was intentional and that discouraging crime in the D.C. area was an important goal. Finally, we have concluded that, in the vast majority of cases, a sentence lowered in order to be more comparable to a similar state sentence will improperly create sentencing disparities among federal sentences and, thus, be unreasonable. See United States v. Clark, 434 F.3d 684, 687-88 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). In addition, we noted that proof of state/federal sentencing disparities was required before relying on such a factor to impose a variance sentence. Id. at 688 n.2. Because Jenkins did not support his contentions and because the district court properly considered the substance of Jenkins' arguments, Jenkins' sentence was reasonable.

VII.

Jenkins has filed a pro se supplemental brief raising the following claims: (1) the district court failed to order an updated PSR, (2) his sentence should have been reduced based on lack of coercion or force, (3) the district court improperly assessed an obstruction of justice enhancement, and (4) there was Booker error in calculating his guideline range. Our review of the record shows that these claims are meritless.

VIII.

As required by Anders, we have reviewed the record in its entirety and found no reversible error. Accordingly, we affirm Jenkins' sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. Thus, we deny counsel's motion to withdraw. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew her motion at that time. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED